**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ESAUL CARDENAS,          )
                         )
    Petitioner,          )    3:04-cv-0720-PMP-RAM
                         )
vs.                      )    **ORDER**
                         )
WARDEN VARE, *et al.*,   )
                         )
    Respondents.         )
_____/

        This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Esaul Cardenas, a prisoner at Nevada's Lovelock Correctional Center. This action comes before the Court with respect to its merits.

**I.    Procedural History**

        On July 5, 2002, a criminal information was filed, charging petitioner with two counts of lewdness with a child under the age of fourteen. (Exhibit 9). On July 9, 2002, petitioner pleaded guilty to two counts of lewdness with a child under the age of fourteen. (Exhibits 11 and 12). During the plea canvass, petitioner admitted that he fondled a twelve-year old's breasts and buttocks. (Exhibit 12, at p. 8). On November 19, 2002, petitioner filed a motion to withdraw his guilty plea. (Exhibit 23). The motion was denied on February 13, 2003. (Exhibit 29). On August

12, 2003, petitioner filed a motion to withdraw counsel. (Exhibit 67). On August 26, 2003, the district court granted petitioner's motion to withdraw counsel. (Exhibit 70).

On July 8, 2003, the state district court sentenced petitioner to two concurrent life sentences with eligibility for parole after ten years on the lewdness charges. (Exhibit 64).

Petitioner did not file a direct appeal. On November 14, 2003, petitioner filed a state habeas petition. (Exhibit 72). On January 30, 2004, the district court denied petitioner's state habeas petition. (Exhibit 83). Petitioner appealed to the Nevada Supreme Court from the denial of his state habeas petition. On November 17, 2004, and January 25, 2005, the Nevada Supreme Court affirmed the state district court's ruling. (Exhibits 100 and 102).

On December 13, 2004, this Court received petitioner's federal habeas petition. Upon payment of the filing fee, the petition was filed on February 3, 2005. (Docket #9).

Respondents filed an answer to the petition on July 6, 2005. (Docket #17). Petitioner did not file a reply or seek leave to file a reply.

On April 9, 2007, petitioner filed a letter with the Court, which the Clerk entitled as a Motion to Dismiss. (Docket #23). By order filed October 25, 2007, this Court construed petitioner's April 9, 2007, filing as a motion for a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), and denied the motion. (Docket #25). The Court also granted petitioner an opportunity to file a reply to the answer. (*Id.*).

Petitioner filed a traverse on November 21, 2007, which the Court construes as a reply. (Docket #26). Respondents filed a response to the traverse on November 29, 2007. (Docket #27). The petition is now ready for resolution on the merits.

**II.     Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. Discussion

### A. Ground One

In Ground One, petitioner raises a claim of ineffective assistance of counsel when counsel allegedly failed to advise him properly, resulting in an invalid guilty plea as to the elements of the crime of sexual assault.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner must show, first, that counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms. *Id.* at 688-90. Second, the petitioner must demonstrate that the identified acts or omissions of counsel prejudiced his defense. He must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The application of the *Strickland* test where ineffectiveness of counsel is alleged to invalidate a plea has been defined as follows:

> [T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson, supra*, and *McMann v. Richardson, supra*. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the

4

> plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

The modified *Strickland* prejudice standard in guilty plea cases asks whether there is a probability that, but for counsel's alleged errors, defendant would not have pleaded guilty, but would have insisted on going to trial. *Langford v. Day*, 110 F.3d 1380, 1387 (9th Cir. 1997).

In the instant case, the Nevada Supreme Court upheld the district court's denial of the claims presented in Ground One. (Exhibit 102, at p. 3). The Court's decision was based on the state district court's canvass of petitioner (Exhibit 12, at p. 8) and the signed guilty plea memorandum (Exhibit 11). The Nevada Supreme Court ruled that the canvass and the guilty plea memorandum demonstrated that petitioner understood the crimes to which he pleaded guilty. (Exhibit 102). Petitioner has failed to meet either prong of the *Strickland* analysis, as he has not shown attorney incompetence and has not shown that he would have not pleaded guilty but for counsel's actions or inactions. Petitioner cannot show that the Court misapplied a United States Supreme Court precedent, or unreasonably determined the facts in this case. The Nevada Supreme Court's ruling was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and that ruling was not based on an unreasonable determination of facts in light of the evidence. 28 U.S.C. § 2254(d). The Court will deny habeas relief with respect to Ground One.

**B.     Ground Two**

In Ground Two, petitioner alleges ineffective assistance of counsel when counsel was not assigned to him on appeal. The Nevada Supreme Court denied this claim on the merits. (Exhibit 100). Petitioner's claim is belied by the record. Petitioner moved to dismiss his counsel and proceed *pro se*. (Exhibits 40 and 67). Petitioner cannot now complain about a lack of representation. The Nevada Supreme Court's ruling was not contrary to, or an unreasonable

5

application of, clearly established federal law, as determined by the Supreme Court of the United States, and that ruling was not based on an unreasonable determination of facts in light of the evidence. 28 U.S.C. § 2254(d). The Court will deny habeas relief with respect to Ground Two.

### C.     Ground Three

In Ground Three, petitioner alleges that the trial court abused its discretion in refusing to let him withdraw his guilty plea.

To be valid, a guilty plea must be knowing, voluntary, and intelligent. *U.S. v. Brady*, 397 U.S. 742, 748 (1970). A guilty plea must represent a voluntary and intelligent choice among alternative courses of action open to a defendant. *Hill v. Lockhart,* 474 U.S. 52, 56 (1985). Advice for a guilty plea does not require a description of every element of the offense. *Bargas v. Burns*, 179 F.3d 1207, 1216 (9th Cir. 1999) (citation omitted). The court looks to what a defendant reasonably understood at the time of the plea. *U.S. v. Quan*, 789 F.2d 711, 713 (9th Cir. 1986).

The Nevada Supreme Court rejected petitioner's claim and ruled that "Cardenas did not demonstrate a fair and substantial reason to withdraw his guilty plea." (Exhibit 102, at p. 2). The Nevada Supreme Court ruled, in detail:

> In the written plea agreement, Cardenas acknowledged that by pleading guilty he admitted to the facts supporting the elements of the charged offenses, that he understood the consequences of his plea, and that he understood the waiver of his rights. He further acknowledged that he signed the plea agreement voluntarily after consultation with counsel and that accepting the agreement was in his best interest. During the plea canvass, Cardenas admitted that he inappropriately fondled the 12-year-old victim's breast and buttocks. Consequently, we conclude that the district court did not abuse its discretion in denying Cardenas' motion to withdraw his guilty plea.

(Exhibit 102, at pp. 2-3). The Nevada Supreme Court's ruling was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and that ruling was not based on an unreasonable determination of facts in light of the evidence. 28 U.S.C. § 2254(d). The Court will deny habeas relief with respect to Ground Three.

**IV.     Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**V.     Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED: March 11, 2008.

PHILIP M. PRO
United States District Judge